# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

_____

|  |  |  |
|---|---|---|
| MICHAEL P. O'NEIL and NICOLA GRASSO, | : | |
| | : | |
| *Plaintiffs,* | : | |
| | : | |
| v. | : | Civil Action No. 1:19-cv-612-WES-PAS |
| | : | |
| PETER F. NERONHA, in his Official Capacity as Attorney General of Rhode Island and COLONEL JAMES M. MANNI, in his Official Capacity as The Superintendent of the Rhode Island State Police, | : | |
| | : | |
| *Defendants.* | : | |

_____

## DEFENDANTS' MOTION TO PERMIT WITHDRAWAL OF ADMISSIONS AND TO SUBMIT RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS

Now comes Defendants, Peter F. Neronha, in his official capacity as Attorney General of Rhode Island, and Colonel James M. Manni, in his official capacity as the Superintendent of the Rhode Island State Police, to respectfully request this Honorable Court to permit the withdrawal of the default admissions resulting from the automatic operation of Federal Rules of Civil Procedure Rule 36(a)(3). Defendants make this request pursuant to Federal Rules of Civil Procedure Rule 36(b).

The responses, although due December 28, 2020, were served on January 19, 2021. *See* Mem. in Supp. of Defs.' Mot., Ex. A. Defendants submit that withdrawal of the default admissions—and allowance of Defendants' attached responses into the discovery record—would

promote the presentation of this case's merits and would not prejudice Plaintiffs.[1] *See* Fed. R. Civ. P. 36(b). A memorandum in support of Defendants' position accompanies this motion.

<div style="margin-left: 40%;">

Respectfully submitted,

DEFENDANTS,
in their official capacities only

By,

PETER F. NERONHA
ATTORNEY GENERAL


*/s/ Neil F.X. Kelly*
Neil F.X. Kelly #4515
Assistant Attorney General
150 South Main Street
Providence, RI  02903-2907
Tel:  (401) 274-4400 x2284
Fax:  (401) 222-2995

</div>

## CERTIFICATION

I hereby certify that I filed and served all counsel of record with a copy of the within Defendants' Motion through the ECF filing system on this 19th day of January, 2021, and that it is available for viewing and downloading.

<div style="margin-left: 40%;">

*/s/ Neil F.X. Kelly*

</div>

---

[1] The First Circuit has found that "the focus under Rule 36(b) is not on the moving party's explanations for its non-compliance with the Rule," and that therefore the moving party "is not required to show excusable neglect." *Siguel v. Allstate Life Ins. Co.*, No. 94-1392, 1995 WL 98240, at *4 (1st Cir. Mar. 10, 1995). Defendants would nevertheless like to inform the Court that the late filing of their responses to Plaintiffs' requests was due to an attorney new to the Attorney General's Office taking over the day-to-day management of this case.